## Edna Gola, Administratrix, Appellee, v. Missouri & Illinois Coal Company, Appellant.

1. MINES AND MINERS—*when mule shown to be unruly.* The evidence establishes that a mule in a mine was wild and unruly when no witnesses testify for defendant and plaintiff's witnesses, including the driver of the mule and the boss driver, testify that the mule was fast and sometimes fierce and could not always be depended on.

2. MINES AND MINERS—*when risk of disposition of mule not assumed.* It cannot be said that a mule driver was acquainted with the disposition of a certain mule and assumed the risk of working where she was being used, where it appears that such driver had never driven her, and it is not shown that he knew or had an opportunity to know that at times she could not be controlled.

3. MINES AND MINERS—*when company chargeable with knowledge of disposition of mule.* A company is chargeable with knowledge of the wild disposition of a mule used in its mine where she had been used for a year and a half and the boss driver knew of her disposition.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed April 23, 1913. Rehearing denied May 28, 1913.

BARTHEL, FARMER & KLINGEL, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellee as administratrix of the estate of her deceased husband Abe Gola, brought this suit against appellant the Missouri and Illinois Coal Company, to recover damages for alleged wilful negligence causing the death of appellee's intestate.

The deceased was a mule driver employed in appellant's mine. The declaration containing but one count charged that the defendant negligently provided and furnished one, Joe Schnolia, also a mule driver in said mine, with a mule "Flora" which was wild, untrained, unruly and unmanageable and therefore unsafe and dangerous to servants working in said mine and that said mule was liable to become unmanageable and travel at a rapid and violent rate of speed when its driver was approaching the parting and cause the cars drawn by it to run against and violently collide with other cars being on said parting and so injure servants while there in discharge of their duties, all of which defendant well knew or by the exercise of ordinary care should have known, and that on the day of the accident which caused the death of plaintiff's intestate the deceased and the said Joe Schnolia were engaged, each with a mule, in bringing loaded cars of coal to the parting or switch.

That deceased had preceded Schnolia to the parting with his trip of loaded cars and that said Schnolia in following with his trip of cars was unable to control the mule "Flora" which he was driving and that said mule ran rapidly and violently with said cars and so caused the said cars to violently collide with the cars brought to the parting by deceased, while the deceased with due care for his own safety was attempting to couple his cars with other cars on said parting, whereby

deceased was caught between the cars and so crushed and injured that he died.

Defendant filed the plea of not guilty. The case was tried by the jury and the jury returned a verdict against the defendant for $2,000. A motion by defendant for a new trial was overruled and judgment entered on the verdict and the case comes here on appeal from said judgment.

The errors assigned may all be considered under the assignment which questions the sufficiency of the evidence to support the verdict and judgment. If the evidence is not sufficient it was error for the trial court to refuse the peremptory instructions asked. The only question presented by the record or by argument of counsel is one of sufficient evidence, tested by the rules of law.

There was no conflict of evidence. The only witnesses testifying were those introduced by the plaintiff.

The most vital question in the case concerned the character of the mule ''Flora,'' what was her disposition, was she unruly and unmanageable and untrained as claimed by plaintiff? On this point the witnesses all agree that she was a ''fast mule.'' That she could sometimes be controlled by her driver and sometimes she could not.

Schnolia, who was driving the mule ''Flora'' at the time of the injury testified that he had been driving that mule about a year and a half. That she was a fast mule and would not mind. That there was an incline of the track toward the parting which he was approaching with his trip, at the time of the accident. That in driving down slopes or inclines, the way cars are held back is by the driver placing one foot on the tail chain and one hand on the rump of the mule, while the other hand is placed against the car and thus a ''break'' is formed by which the car is checked or stopped. That the mules are trained to push back or hold back when the driver puts his hand on their rump.

That on this particular day and trip he was unable to control the mule. That he placed his right hand on the car and his left on the mule in the customary way and tried to stop her, but could not. That as he neared the parting he saw some one signal him to slow up and he tried to hold the mule back but could not, the mule kept going fast. That he hollered "whoa" several times but the mule would not stop and when close to the rear of Abe Gola's trip of cars he unhooked the mule, and got off the car and tried to hold the car by pushing back on it but was unable to check it and his cars bumped into Gola's cars and injured Gola.

The evidence shows that the mule "Flora" was nervous, inclined to be fast, and at times unmanageable. The boss driver, who ought to have known and whose duties required that he should know if the mule was a safe, reliable animal, testified that sometimes she could be depended on and sometimes she could not, that she would not hold back at times and was pretty fast, sometimes pretty fierce.

When carefully considered the evidence clearly establishes the bad character of the mule as to disposition and unmanageableness as charged in the declaration.

The proof being sufficient on this point it only remains to determine whether deceased was acquainted with the disposition of the mule, and knowing the same, assumed the risk of working at the parting where the mule was being used to haul cars.

It appears from the evidence that the deceased never drove that mule, nor is it shown by the evidence that he knew or had opportunity to know that at times she would not be controlled. This knowledge is chargeable however to the appellant through the acquaintance of the boss driver with the mule and the length of time the mule was used in the mine. Nor can it be said on this record that deceased was guilty of contributory negligence when he attempted to couple the cars under the circumstances shown by the evidence. It was

the practice and custom for the flagman at the parting to signal all incoming drivers if there was anyone at the parting liable to be injured and have such incoming driver slow up or stop. The flagman was on duty and signaled Schnolia to slow up and the driver of "Flora" was unable to control her. Gola knew of the custom and doubtless relied on the flagman to warn incoming drivers to slow up or stop and on Schnolia to obey the signal and control his mule.

We cannot say the deceased assumed the risks of danger from the bad disposition of the mule, nor can we say from the evidence the deceased was not in the exercise of due care for his own safety. The jury found the facts in favor of appellee and the trial judge approved the verdict and we would not be authorized to reverse the case unless we found that the verdict and judgment were manifestly against the weight of the evidence and this we cannot do. We think the evidence sufficient to support the judgment and the court did not err in refusing to give the peremptory instruction asked by defendant.

The judgment is therefore affirmed.

*Affirmed.*